**UNR INDUSTRIES, INC., et al., Plaintiffs,**

v.

**CONTINENTAL INSURANCE COMPANY, et al., Defendants.**

**No. 85 C 3532.**

United States District Court, N.D. Illinois, E.D.

June 14, 1989.

Malcolm M. Gaynor, Richard Bendix, Jr., Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., Ronald M. Oster, Madeline Mickey, Paul, Hastings, Janofsky & Walker, Santa Monica, Cal., Sandy Klekoski, Chicago, Ill., for plaintiffs.

Daniel J. Pope, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for American Re-Insurance Co.

D. Patterson Gloor, Michael J. Gallagher, Cassiday, Schade & Gloor, Gerald G. Saltarelli, Ronald Butler, Butler, Rubin, Newcomer, Saltarelli & Boyd, Chicago, Ill., for Bituminous Cas. Co.

Lloyd E. Williams, Anthony P. Katauskas, Jacobs, Williams & Montgomery, Chicago, Ill., for Commercial Union Assurance Co.

Perry L. Fuller, Robert E. Nord, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for Continental Cas. Co.

Thomas L. Aries, Merrill C. Hoyt, Aries, Hoyt & Taden, Stanley B. Block, Donald W. Jenkins, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for Continental Ins. Co. & Underwriters Adjusting Co.

Thomas C. Walker, James E. O'Halloran, Jr., O'Halloran, Lively & Walker, Northbrook, Ill., for Corroon & Black of Ill. Inc.

Michael J. Dolesh, David M. Spector, Isham, Lincoln & Beale, Chicago, Ill., for Employers Reinsurance Co.

Terrence E. Kiwala, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for First State Insurance Co.

Donald M. Haskell, Michael Sehr, William Ryan, Haskell & Perrin, Chicago, Ill., for Home Insurance Co.

Gary M. Elden, Philip C. Stahl, Donald A. Vogelsang, Reuben & Proctor, Chicago, Ill., for Nat'l Surety Corp. and Fireman's Fund Ins. Co.

Philip J. McGuire, Dowd & Dowd, Chicago, Ill., for Northbrook Insurance Co.

J. William Cuncannan, Sarah M. Stegemoeller, Defrees & Fiske, Chicago, Ill., for Official Creditors Committee.

Peter C. John, Douglas J. Lipke, Matthew J. Gehringer, Phelan, Pope & John, Chicago, Ill., for Zurich Insurance Co.

Kevin M. Forde, Chicago, Ill., for Unknown Putative Asbestos–Related Claimants.

Stanley A. Walton, III, Winston & Strawn, Chicago, Ill., for Unsecured Creditors Committee.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

UNR Industries, Inc. ("UNR"), debtor in Chapter 11 Bankruptcy proceedings and plaintiff and counter-defendant in adversary claims pending before this court, has moved for entry of an order adopting orders of the bankruptcy court approving UNR's settlement of certain claims and counterclaims involving Continental Insurance Company, Bituminous Casualty Corporation, Zurich Insurance Company, Home Insurance Company, First State Insurance Company, and Allstate Insurance Company (as Successor in Interest to Northbrook Excess and Surplus Insurance Company). These claims were filed by UNR in the bankruptcy court of this district as adversary proceeding 83 A 2523 and relate to insurance coverage for asbestos related bodily injury claims against UNR and predecessor companies.[1] UNR and the defendant insurance companies also ask this court to find that the settlements were made in good faith within the meaning of the Illinois Contribution Among Joint Tortfeasor Act, Ill.Rev.Stat. ch. 70, § 302 (1987), and to determine that the dismissals are final orders within the meaning of Fed. R.Civ.P. 54(b).

The procedure followed by UNR was to request the approval of the bankruptcy court for the settlement of claims withdrawn to this court. One of the attorneys for UNR testified before the bankruptcy court in support of the petition describing trial and settlement proceedings conducted

1. Although the bankruptcy judge's orders make no reference thereto, certain of the insurance company defendants also filed adversary claims (83 A 0135, 83 A 2027 and 83 A 2474) requesting declaratory relief with respect to insurance coverage. The substance of those claims became counterclaims before this court.

in this court. The motions and the procedure followed raise a serious question concerning jurisdiction over adversary claims withdrawn from a bankruptcy court.

■ In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the United States Supreme Court held that the Bankruptcy Reform Act of 1978's broad grant of jurisdiction to bankruptcy judges under Section 1471 of Title 28, violated Article III of the Constitution. Congress responded with remedial legislation by enacting the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. §§ 151–60, 1334.

It is clear from the 1984 legislation that original and, with statutory exceptions, exclusive bankruptcy jurisdiction is lodged in the district court. *Id.* § 1334. The bankruptcy court was made a "unit" of the district court. *Id.* § 151. Each district court may provide that any or all cases under Title 11 shall be referred to the bankruptcy judges for the district. *Id.* § 157(a). The district court has the authority, however, to withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court. This jurisdiction is exclusive. Bankruptcy Rule 5010. Personal injury tort and wrongful death claims must be tried in the district court and a bankruptcy judge may not estimate such claims for purposes of liquidation under Title 11. *Id.* § 157(b)(2)(B). If the district court determines that resolution of a bankruptcy proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations and activities affecting interstate commerce (as in this case, because UNR claimed antitrust violations), it shall withdraw such claims. Section 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations and activities affecting interstate commerce.

2. The bankruptcy judge also relies on Bankruptcy Code Sections 105(a) (relating to the issuance of orders and process) and 541(a)(1) (relating to the creation of a bankruptcy estate), and the All Writs Act, 28 U.S.C. § 1651, as authority for jurisdiction over the anticipated proceeds of the

There is nothing in sections 157, 1334 or any other provision of Title 28, United States Code, to suggest that Congress intended to limit the district court's jurisdiction over any matter withdrawn in whole or in part from the bankruptcy court.

■ The bankruptcy judge's orders recite that the adversary claims withdrawn to this court are core proceedings. Because of the nature of the claims and the language of Sections 157(b)(2)(A)–(O), this is very much to be doubted.[2] However, whether or not a withdrawn adversary claim is a core proceeding, once it has been withdrawn it is under the exclusive jurisdiction of the district court. Divided jurisdiction is not favored. *See, e.g., Bethlehem Steel Corp. v. EPA*, 782 F.2d 645, 660 (7th Cir.1986); *Indiana & Michigan Electric Co. v. EPA*, 733 F.2d 489, 491 (7th Cir. 1984); *Kamp v. Hernandez*, 752 F.2d 1444, 1454, *amended*, 778 F.2d 527 (9th Cir.1985). Therefore, the bankruptcy court does not have authority to grant or withhold approval of a settlement of a withdrawn adversary claim.

To the extent that the debtor, acting in a fiduciary capacity with creditors, desires to obtain, or is required to obtain, court approval of the terms of a settlement, application for approval must be made to the district court. This court has conducted a nine-week jury trial with respect to aspects of the claims, granted and denied declaratory relief, monitored settlement negotiations, permitted the appearance of bankruptcy committees and been informed of the condition of the bankruptcy estate. It is also aware of the participation of the debtor's attorneys in the case before it and the nature of the settlement agreements.

It would be anomalous, to say the least, for a bankruptcy judge to exercise discretionary jurisdiction over a request for approval of the settlement of a matter withdrawn to the district court. Under section 158(a), Title 28, United States Code, such an order is appealable to the district court hearing the claim.

Given this court's knowledge of the withdrawn adversary claims and its knowledge of the terms of the settlements, it finds that the settlements of the insurance coverage claims are proper and advantageous to the debtor. This court also makes findings

settlements to be paid by the defendants and as authority for an injunction entered restraining future claims against the settling insurance companies. These aspects of its orders are not questioned by this court.

of good faith with respect to defendants' settlements with the debtor.

Another adversary proceeding (85 A 1298) was pending before the bankruptcy court. That proceeding involves some of the same defendants and concerns disputes over insurance coverage for property damage to buildings resulting from the installation of asbestos. That proceeding has not been withdrawn and approval of the debtor's settlement is within the power of the bankruptcy court.

Because this court did not specifically withdraw the matter of fees pertaining to the adversary claim or the distribution of the proceeds of recoveries, those matters of administration remained in the bankruptcy court.

IT IS THEREFORE ORDERED that:

(1) The motions to adopt orders of the Bankruptcy Court entered May 30, 1989 approving the settlements of the adversary claims withdrawn and pending before this court are denied.

(2) The Settlement Agreements between UNR and the insurance company defendants described above are reasonable and are approved.

(3) Pursuant to a settlement reached by the parties, UNR's claims against defendant Continental Insurance Company and Underwriters Adjusting Company ("Continental") in Case No. 85 C 3532 (including without limitation its first amended complaint and the counterclaims filed in Case Nos. 83 A 0135 and 83 A 2474) are hereby dismissed with prejudice. Furthermore, Continental's claim in Case No. 85 C 3532 (including its Complaints in Case Nos. 83 A 0135 and 83 A 2474 as well as counterclaims in Case No. 83 A 2523) are hereby dismissed with prejudice. Each party is to bear its own costs. All dismissals are with leave to reinstate in the event of termination under the terms of the Settlement Agreement between UNR and Continental.

(4) Pursuant to a settlement reached by the parties, UNR's claims against defendant Bituminous Casualty Corporation ("Bituminous") in Case No. 85 C 3532 (including without limitation its first amended complaint and the counterclaims filed in Case Nos. 83 A 0135 and 83 A 2474) are hereby dismissed without prejudice. Furthermore, Bituminous' claims in Case No. 85 C 3532 (including its Complaints in Case Nos. 83 A 0135 and 83 A 2474 as well as counterclaims in Case No. 83 A 2523) are hereby dismissed without prejudice. Each party is to bear its own costs. Reinstatement of both parties' claims is limited to the conditions stated in, or non-performance of, the Settlement Agreement between UNR and Bituminous.

(5) Pursuant to a settlement reached by the parties, UNR's claims against defendant Zurich Insurance Company, formerly known as Zurich General Accident and Liability Insurance Company, Ltd. (collectively "Zurich") in Case No. 85 C 3532 (including without limitation its first amended complaint and the counterclaims filed in Case Nos. 83 A 0135 and 83 A 2474) are hereby dismissed without prejudice. Furthermore, Zurich's claims in Case No. 85 C 3532 (including its Complaints in Case Nos. 83 A 0135 and 83 A 2474 as well as counterclaims in Case No. 83 A 2523) are hereby dismissed without prejudice. Each party is to bear its own costs. Each party's claims may be reinstated only if the Settlement Agreement is terminated pursuant to Paragraph 9 of the Settlement Agreement.

(6) Pursuant to a settlement reached by the parties, UNR's complaint in Case No. 85 C 3532 is hereby dismissed with prejudice as against defendant Home Insurance Company ("Home"). Furthermore, Home's claims in Case No. 85 C 3532 (including its complaint in Case No. 83 A 2023 and its counterclaims in Case No. 83 A 2523) are hereby dismissed without prejudice. Each party is to bear its own costs. Said dismissals are with leave to reinstate in the event of termination pursuant to Paragraph 11 or for purposes of enforcement pursuant to Paragraph 10 of the Settlement Agreement between UNR and Home.

(7) The court finds that by making the payments called for in Paragraph 10 of the Agreement, Home will have paid the limits of Home Policy No. HEC 476–30–59, and that after all such payments have been made such policy will be fully satisfied and extinguished.

(8) Pursuant to a settlement reached by the parties, UNR's complaint in Case No. 85 C 3532 is hereby dismissed without prejudice as against defendant First State Insurance Company ("First State"). Each party is to bear its own costs. Reinstatement of the complaint is limited to the conditions stated in paragraph 3(e) of, or non-performance of, the Settlement Agreement between UNR and First State.

(9) Pursuant to a settlement reached by the parties, UNR's complaint in Case No. 85 C 3532 is hereby dismissed without prejudice as against defendant Northbrook Ex-

**528**

cess and Surplus Insurance Company, and its successor in interest, Allstate Insurance Company. Each party is to bear its own costs. Reinstatement of the complaint is limited to the conditions stated in, or non-performance of, the Settlement Agreement between UNR and Allstate.

(10) The Settlement Agreements between UNR and settling defendants have been made in good faith pursuant to the Illinois Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat. ch. 70, § 302 (1987).

(11) There is no just reason for delay and the Clerk of the Court is directed to enter this order as a final judgment pursuant to Fed.R.Civ.P. 54(b).